1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10   JAMIE MCINTYRE,

11              Plaintiff,

12        v.                                          Case No. C05-5724FDB

13   CARPENTERS HEALTH AND SECURITY                   ORDER DENYING PLAINTIFF'S
     TRUST OF WESTERN WASHINGTON and                  MOTION FOR REMAND AND
14   BARBARA PRUSSMAN,                                GRANTING DEFENDANTS'
                                                      MOTION TO DISMISS
15              Defendants.

16                          INTRODUCTION AND BACKGROUND

17        On October 24, 2005, Plaintiff Jamie McIntyre filed a complaint in the Superior Court of

18   Pierce County, Washington against Carpenters Health and Security Trust of Washington (the

19   "Trust") and Barbara Prussman.  The plaintiff seeks an order form the Superior Court declaring the

20   reimbursements provisions of the Trust medical benefits plan to be void as against pubic policy and

21   that the Trust be ordered to pay benefits to the McIntyres.  The complaint also seeks damages for

22   bad faith insurances practices, breach of contract, and negligent infliction of emotional distress.  On

23   November 4, 2005, plaintiff filed an amended complaint for damages and declaratory relief.  The

24   amended complaint pleads one cause of action for declaratory relief and prays for judgment declaring

25

26   ORDER - 1

1   the Trust reimbursement provisions unenforceable.   Defendants removed the case to this Court

2   asserting the Plaintiff's suit arises out of a claim for benefits under as employee welfare plan and is

3   governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq.,

4   Plaintiff's exclusive remedy.  Following removal, Defendants filed a motion to dismiss the complaint.

5   Plaintiff has filed a response to the motion to dismiss and Defendants have filed their reply.  Plaintiff

6   has also filed a motion for remand.  Defendants have filed their response and Plaintiff has submitted a

7   reply.  Both motions are currently before the Court.

8        It is undisputed that the Trust is a self-funded employee welfare benefit plan regulated by

9   ERISA.  Matthew McIntyre is an eligible participant under the Trust and his wife, Jamie is an eligible

10  spouse.  Jamie was injured in an automobile accident on February 17, 2005.  As of the date of the

11  pleadings, the Trust has paid $17,367.34 in medical benefits related to Jamie McIntyre's accident.

12  The Trust has denied payment of $70,165.30 in medical bills for the care that Ms. McIntyre has

13  received.

14       The Trust provides an exclusion of benefits "for any illness or injury caused by the act or

15  omission of another person (known as "the third party") where an opportunity for recovery exists

16  from the third party or third party's insurer; ..." (Prussman Decl. Ex. D. Exclusion 17 ).  Although

17  benefits are not payable if the injury is due to the responsibility of a third party where an opportunity

18  of recovery exists, the Trust "as a convenience to the participant, spouse or dependent child may

19  advance benefits pending resolution of the third-party claim.  However, the plan's payment of

20  benefits is conditioned upon reimbursement from any judgment, settlement, disputed claim

21  settlement, or other recovery, up to the full amount of all benefits provided by the plan, but not to

22  exceed the amount of recovery."  (Prussman Decl. Ex. D. ¶ Trust's Right To Reimbursement).  The

23  Trust is entitled to reimbursement regardless of whether the participant, spouse, or dependent child is

24  made whole by the recovery.  Under prescribed conditions the Trust will deduct reasonable attorney

25  fees and a pro rata share of the costs from the reimbursement amount.  (Id.).  The Trust can require

26  ORDER - 2

1  the participant, spouse, of dependent child to execute an agreement acknowledging the

2  reimbursement right.  (Id.).  The Trust is entitled to cease advancing benefits if there is a reasonable

3  basis to determine the reimbursement provision is not enforceable, or if there is a reasonable basis to

4  believe that the parties involved will not honor the terms of the reimbursement provisions. (Id.).

5        Jamie McIntyre, under advice of legal counsel, signed an agreement to reimburse the Trust in

6  accordance with the reimbursement provisions.  Ms. McIntyre received a settlement amount of

7  $100,000 from the insurer of the at fault party.  Plaintiff, again under advice of counsel, refused to

8  reimburse the Trust contending she was entitled to be made whole before any subrogation interest

9  may be obtained.  Upon receipt of this correspondence the Trust ceased advancing any further

10  benefits subject to the right of reimbursement.

11        Plaintiff then commenced this action for declaratory relief and money damages.

12                    **REMOVAL JURISDICTION**

13        Plaintiff contends in her motion to remand that this Court lacks subject matter jurisdiction

14  over the claims asserted in the complaint because the claims are not preempted by ERISA.

15  Defendants respond that Plaintiff's claim seeks relief within the scope of ERISA because she seeks to

16  recover benefits allegedly due her under the terms of the Trust.

17        A civil action is removable if the district court has original jurisdiction founded on a claim or

18  right arising under the Constitution, treaties or laws of the United States.  8 U.S.C. § 1441(b). It is

19  uncontested that plaintiff has plead only a state law claim for damages and declaratory relief.  Under

20  the "well-pleaded complaint" rule, a case may not be removed to federal court on the basis of a

21  federal defense, including the defense of preemption, even if the defense is anticipated in the

22  plaintiff's complaint." *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1,

23  9-10 (1983).  However, the well-pleaded complaint rule does not apply if Congress has evidenced an

24  intent that federal law completely displace state law.  "Once an area of state law has been completely

25  pre-empted, any claim purportedly based on that pre-empted state law is considered, from its

26  ORDER - 3

1  inception, a federal claim, and therefore arises under federal law." *Caterpillar, Inc. v. Williams*, 482

2  U.S. 386, 393 (1987).  Thus, under application of the complete preemption doctrine, because state

3  common law claims are deemed to be recast as federal claims, the preempted state law claims give

4  rise to federal question jurisdiction, and, as a result, provide a basis for removal.  *Beneficial Nat.*

5  *Bank v. Anderson*, 539 U.S. 1, 8 (2003).  ERISA is one of these statutes.  *Aetna Health Inc. v.*

6  *Davila*, 542 U.S. 200, 208 (2004); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).  Any

7  state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement

8  remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is

9  therefore preempted.  *Aetna Health*, 542 U.S. at 209; *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41,

10  54-56 (1987).  The preemptive power of the ERISA civil enforcement provisions converts an

11  ordinary state common law complaint into one stating a federal claim and as such are removal to

12  federal court.  *Aetna Health*, 542 U.S. at 209; *Metropolitan Life*, 481 U.S. at 66.

13        The ERISA civil enforcement provision § 502(a)(1)(B) provides: "A civil action may be

14  brought (1) by a participant or beneficiary... (B) to recover benefits due to him under the terms of his

15  plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under

16  the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).  As the Supreme Court noted in *Aetna Health*,

17  "[t]his provision is relatively straightforward.  If a participant or beneficiary believes that benefits

18  promised to him under the terms of the plan are not provided, he can bring suit seeking provision of

19  those benefits.  A participant or beneficiary can also bring suit generically to enforce his rights under

20  the plan, or to clarify any of his rights to future benefits." *Aetna Health*, 542 U.S. at 210.

21        Plaintiff cannot avoid the preemptive scope of ERISA simply by relabeling claims that

22  ordinarily fall within the preview of an ERISA enforcement action. Nor can the fact that plaintiff's

23  state cause of action attempts to authorize remedies beyond those authorized by ERISA put the

24  cause of action outside the scope of ERISA. Cf. *Aetna Health,* 542 U.S. at 213 (state-law health

25  care statute preempted by ERISA); *Pilot Life,* 481 U.S. at 43 (state-law tortious breach of contract

26  ORDER - 4

1   claim preempted by ERISA); *Metropolitan Life*, 481 U.S. 61-62 (state-law claim requesting damages

2   for mental anguish caused by breach of contract preempted by ERISA); *Ingersoll-Rand Co. v.*

3   *McClendon*, 498 U.S. 133, 136 (1990)(state-law claim for punitive damages and mental anguish

4   preempted by ERISA).  Plaintiff's declaratory judgment action seeks an order providing that she is

5   entitled to the right of payment of medical expenses without obligation to provide reimbursement

6   from the proceeds recovered from the third party.  Under 29 U.S.C. § 1132(a)(1)(B), McIntyre has a

7   right to have this Court declare her rights under the Trust and clarify any future rights and benefits

8   the parties may have.

9        Plaintiff cites *Providence Health Plan v. McDowell*, 385 F.3d 1168 (9th Cir.2004), cert.

10  denied, 125 S.Ct. 1726 (2005), in support of her motion to remand.  In *Providence*, like the present

11  action, the McDowells were insured under a health care contract with Providence that contained a

12  reimbursement provision.  When the McDowells were injured in an automobile accident, Providence

13  paid benefits regarding their medical care.  The McDowells each subsequently signed agreements

14  directing their attorney to reimburse Providence for benefits paid in the event of any recovery from a

15  third party.  The McDowells later received a settlement as a result of litigation. Providence

16  unsuccessfully sought reimbursement from the McDowells for amounts paid under the insurance

17  contract's reimbursement clause.  Unlike the present action, the fiduciary, as opposed to the

18  beneficiaries, filed suit in state court and the action was removed to federal court. The district court

19  determined that it had removal jurisdiction and that ERISA preemption barred Providence's claim.

20  *Id*. at 1171.  The Court of Appeals for the Ninth Circuit reversed the district court's decision holding

21  that the federal court lacked removal jurisdiction because the cause of action did not fall within

22  ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a).  Unlike a beneficiary of a plan, as a

23  fiduciary Providence's only vehicle for relief in addressing violations or seeking enforcement of a

24  plan is § 1132(a)(3).  This section allows a fiduciary to seek only equitable relief for violation of a

25  plan.  *Id*. at 1172-1173.  The court found Providence was simply attempting, through contract law,

26  ORDER - 5

1    to enforce the reimbursement provision.  The Ninth Circuit held that Providence was not seeking

2    equitable relief for violation of the plan but ordinary damages, i.e., monetary relief, based upon

3    contractual remedies that arise under state law.  Thus, the claim of the fiduciary was not within the

4    ERISA enforcement provisions.  *Id*.  The court noted that its decision was buttressed by the recent

5    Supreme Court decision in *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204

6    (2002), wherein the Court concluded that § 1132(a)(3) did not authorize a fiduciary to enforce a

7    reimbursement provision and acknowledged that other remedies outside ERISA might be available to

8    the fiduciary. *Providence Health Plan*, at 1248.

9         The plan at issue in *Great-West Life* included a reimbursement provision, which specifically

10   provided for the plan's right to recovery of benefits paid from a third party and also provided for a

11   lien on proceeds from tort recoveries. The fiduciary in *Great-West Life* filed an action seeking

12   injunctive and declaratory relief under § 1132(a)(3) to enforce the reimbursement provision of the

13   plan by requiring the payment of proceeds recovered from third parties. *Great-West Life*, at 208.

14   The Supreme Court held that this type of action was not permissible under ERISA enforcement

15   provisions applicable to fiduciaries of the plan.  *Id*.

16        Similarly, in *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164 (9th Cir.2002), also cited by Plaintiff,

17   the administrator of the health plan governed by ERISA sued to recover medical benefits paid to the

18   insured.  The money at issue was proceeds of a personal injury settlement to which the beneficiary

19   was entitled and which had been placed in an escrow account.  The terms of the plan provided that

20   the plan had subrogation and reimbursement rights in any monies received by a covered person from

21   a third party tortfeasor, to the extent that the recovered funds reimbursed the covered person for

22   medical expenses that had been paid by the plan.  The Ninth Circuit held that the fiduciary was

23   seeking to enforce a contractual obligation for the payment of money, a classic action at law and not

24   an equitable claim.  Fiduciary actions are limited to actions in equity.  *Id*. at 1166-67.  Additional

25   Ninth Circuit opinions are in accord.  Cf. *Carpenters Health and Welfare Trust For So. California v.*

26   ORDER - 6

1    *Vonderharr*, 384 F.3d 667 (9th Cir. 2004)(fiduciary action seeking reimbursement from third party

2    settlement not cognizable under ERISA); *Reynolds Metals Co. v. Ellis*, 202 F.3d 1246 (9th Cir.

3    2000)(action by fiduciary seeking to enforce contractual reimbursement provisions not within

4    preview of ERISA enforcement provisions); *FMC Medical Plan v. Owens*, 122 F.3d 1258 (9th Cir.

5    1997)( lack of federal court jurisdiction in actions by ERISA fiduciaries against beneficiaries to

6    enforce reimbursement provisions).

7         In sum, the decisions cited by Plaintiff simply stand for the rule that actions by ERISA

8    fiduciaries seeking to enforce an ERISA plan's contractual reimbursement provisions do not fall

9    within the enforcement provisions of 29 U.S.C. § 1132(a)(3).  Such a claim is not cognizable under

10   ERISA and no removal jurisdiction is present.

11        Here, however, it is not the fiduciary that has commenced the action to enforce a

12   reimbursement provision of the Trust.  The action was brought by the Jamie McIntyre, a beneficiary

13   of the Trust.  The ERISA civil enforcement provisions applicable to beneficiaries provides that a "civil

14   action may be brought (1) by a participant or beneficiary... (B) to recover benefits due to him under

15   the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future

16   benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). See, *Levine v. United Healthcare*

17   *Corp.*, 402 F.3d 156, 163 (3rd Cir. 2005)(beneficiaries' claim that their ERISA plan wrongfully sought

18   reimbursement of previously paid health benefits was claim for benefits due, and thus federal subject

19   matter jurisdiction under ERISA's civil enforcement provision was appropriate).  Jamie McIntyre's

20   complaint states such a cause of action and falls within the preview of the civil enforcement provision.

21   Thus, this Court has subject matter jurisdiction.  The motion to remand the proceedings to state court

22   is denied.

23                                      **MOTION TO DISMISS**

24        Having determined this Court has jurisdiction, the Court will address the Trust's motion to

25   dismiss the action.  A motion to dismiss for failure to state a claim will be denied unless it is "clear that

26   ORDER - 7

1   no relief could be granted under any set of facts that could be proved consistent with the allegations."

2   *Falkowski v. Imation Corp.*, 309 F.3d 1123, 1132 (9th Cir.2002). A complaint must contain a "short and

3   plain statement of the claim showing that the pleader is entitled to relief." When granting a motion to

4   dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the

5   pleading was made, unless amendment would be futile. *Cook, Perkiss & Liehe, Inc. v. N. Califronia*

6   *Collection Service Inc.*, 911 F.2d 242, 246-47 (9th Cir.1990). In determining whether amendment would

7   be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal

8   without contradicting any of the allegations of the original complaint." *Reddy v. Litton Indus., Inc.*, 912

9   F.2d 291, 296 (9th Cir.1990). Leave to amend should be liberally granted, but an amended complaint

10  cannot allege facts inconsistent with the challenged pleading. *Id.* at 296-97.

11          Defendants move to dismiss Plaintiff's state law claims for damages and declaratory relief on the

12  grounds that they are preempted by ERISA. There are two strands to ERISA's powerful preemptive

13  force. First, ERISA expressly preempts all state laws insofar as they may relate to any employee benefit

14  plan. 29 U.S.C. § 1144(a), but state laws which regulate insurance, banking, or securities are saved from

15  this preemption. 29 U.S.C. § 1144(b)(2)(A). Second, ERISA contains a comprehensive scheme of civil

16  remedies to enforce ERISA's provisions. See, 29 U.S.C. § 1132(a). A state cause of action that would

17  fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity

18  of the ERISA remedial scheme, even if those causes of action would not necessarily be preempted by §

19  1144. See, *Atena Health Inc. v. Davila*, 542 U.S. 200, 214 nt.4. (2004). Section 502(a) of ERISA

20  provides a civil action may be brought  by a participant or beneficiary to recover benefits due to him

21  under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to

22  future benefits under the terms of the plan. 29 U.S.C. § 1132(a). When Ms. McIntyre sought to

23  determine her rights and benefits under the plan she did not pursue her ERISA remedy but instead

24  brought the present state-law claims. These are the type of claims that the Supreme Court in *Atena*

25  *Health* held to be preempted. In *Atena Health*, the plaintiffs were denied coverage or reimbursement for

26  ORDER - 8

1   certain medical services by their ERISA plan administrators.  They similarly declined to pursue their

2   ERISA remedies and instead brought state tort claims to enforce duties imposed by state statutes.  See,

3   *Atena Health*, at 214-215.  The Supreme Court held that the state causes of action were preempted even

4   though: (1) they were tort claims, (2) they were based on an external state statutory duty, and (3) they

5   did not duplicate ERISA remedies.  *Id.*  The Court summarized: "Congress' intent to make the ERISA

6   civil enforcement mechanism exclusive would be undermined if state causes of action that supplement

7   the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not

8   precisely duplicate the elements of an ERISA claim."  *Id.* at 216.  Ninth Circuit opinions are in accord.

9   See, *Cleghorn v. Blue Shield of California*, 408 F.3d 1222 (9th Cir. 2005)(state statutory claims

10  preempted by ERISA); *Dishman v. UNUM Life Ins. Co.*, 269 F.3d 974 (9th Cir. 2001)(ERISA supplants

11  state law claims for breach of contract, tortious breach of contract, breach of fiduciary duty, fraud in the

12  inducement, loss of consortium, and emotional distress); *Tingley v. Pixey-Richards West, Inc.*, 953 F.2d

13  1124 (1992)(ERISA preempts state law claims for breach of contract, breach of covenant of good faith

14  and fair dealing, tortious breach of contract, infliction of emotional distress, insurance bad faith, and

15  violation of state statute).

16          Plaintiff McIntyre responds to the motion to dismiss by stating that her original complaint was

17  amended and the causes of action for bad faith, negligent infliction of emotional distress, and breach of

18  contract were removed.  Plaintiff, nonetheless, contends that because these causes of action were all

19  premised upon the alleged unenforceability of the reimbursement provision, those causes of action would

20  not be preempted if still asserted.   Plaintiff asserts that her remaining claim for declaratory relief

21  concerning the reimbursement provisions of the Trust is not preempted by ERISA.  Plaintiff cites the Ninth

22  Circuit decision in *Providence Health Care Plan v. McDowell*, 361 F.3d 1243 (9th Cir. 2004) cert. denied,

23  125 S.Ct. 1726 (2005) as standing for this proposition.  As previously addressed, *Providence Health Care*

24  does not so stand.  The court, consistent with a long line of authority, simply held that a fiduciary of an

25  ERISA plan could not maintain a federal action to enforce reimbursement provisions of a ERISA plan.

26  ORDER - 9

1    This holding is premised on the enforcement provisions of 29 U.S.C. § 1132(a)(3) which confine civil

2    actions by a fiduciary to seeking equitable relief.  Actions by fiduciaries seeking to enforce an ERISA

3    plan's contractual reimbursement provisions are not actions in equity.  *Id.* at 1247-1248.  See also,

4    *Carpenters Health and Welfare Trust For So. California v. Vonderharr*, 384 F.3d 667 (9th Cir. 2004).

5    Here, it is the beneficiary that is seeking a determination of her rights to benefits under the ERISA plan.

6    A beneficiary's  action to recover benefits due to him under the terms of his plan, to enforce his rights

7    under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan are

8    cognizable under the express enforcement provisions of ERISA.  As the Supreme Court explained in *New*

9    *York Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Co.*, 514 U.S. 645, 656

10   (1995) "[t]he basic thrust of the pre-emption clause ... was to avoid a multiplicity of regulation in order

11   to permit the nationally uniform administration of employee benefit plans." *Id.* at 657.  For this reason,

12   the Court explained that it has had no trouble holding that ERISA preempts "state laws that mandate

13   employee benefit structures or their administration," or that "provide alternative enforcement

14   mechanisms." *Id.* at 658.  In accord with ERISA preemption, state regulatory and common law regulating

15   subrogation is preempted by ERISA.  *FMC Corp. v. Holliday*, 498 U.S. 52, 61 (1990).  See also, *Barnes*

16   *v. Independent Automobile Dealers Assoc. of California Health and Welfare Benefit Plan*, 64 F.3d 1389,

17   1392 (9th Cir. 1995)(federal rather than state subrogation law governs interpretation of ERISA plan);

18   *United Food & Commercial Workers & Employers Arizona Health & Welfare Trust v. Pacyga*, 801 F.2d

19   1157, 1160-1161 (9th Cir. 1986)(state anti-subrogation law preempted by ERISA).  Accordingly, Plaintiff

20   McIntyre's state law claims are subject to dismissal.

21        When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend,

22   even if no request to amend the pleading was made, unless amendment would be futile.  The Court is

23   convinced that leave to amend would be futile.

24        A challenge to an ERISA plan's denial of benefits is reviewed de novo unless benefit plan gives

25   administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe terms

26   ORDER - 10

1  of plan, in which case, court reviews the decision for abuse of discretion. *Jebian v. Hewlett Packard Co.*,

2  349 F.3d 1098, 1102 (9th Cir.2003).  When reviewing a plan administrator's decision for an abuse of

3  discretion, the reviewing court must uphold the decision to deny benefits "if it is based upon a reasonable

4  interpretation of the plan's terms and was made in good faith." *Bendixen v. Standard Ins. Co.*, 185 F.3d

5  939, 944 (9th Cir.1999).

6          The language of the Trust unambiguously excludes benefits for an injury caused by the act of a

7  third party where an opportunity for recovery exist from the third party or the third party's insurer.

8  Although benefits are not payable if the injury is due to the responsibility of a third party where an

9  opportunity of recovery exists, the Trust as a convenience to the participant may advance benefits pending

10 resolution of the third-party claim.  However, the plan's payment of benefits is conditioned upon

11 reimbursement from any judgment, settlement, or other recovery, up to the full amount of all benefits

12 provided by the plan, but not to exceed the amount of recovery.  The Trust is entitled to reimbursement

13 regardless of whether the participant is made whole by the recovery.  Under prescribed conditions, not

14 at issue here, the Trust will deduct reasonable attorney fees and a pro rata share of the costs from the

15 reimbursement amount.  The Trust can require the participant to execute an agreement acknowledging

16 the reimbursement right.  The Trust is entitled to cease advancing benefits if there is a reasonable basis to

17 determine the reimbursement provision is not enforceable, or if there is a reasonable basis to believe that

18 the parties involved will not honor the terms of the reimbursement provisions.

19          Plaintiff McIntyre initially signed an agreement to reimburse the Trust in accordance with these

20 provisions.  Upon receipt of a settlement amount of $100,000 from the insurer of the at fault third party's

21 insurer, Plaintiff, on advice of counsel, refused to make reimbursement to the Trust for funds advanced

22 to Plaintiff.  Confronted with this refusal to abide by the reimbursement provisions, the Trust ceased

23 advancing any further benefits that are subject to the right of reimbursement.

24          The Trust's decision to cease advancing benefits subject to the reimbursement provisions is not

25 an abuse of discretion.  The decision is based on the plain language of the Trust.  The Trust is entitled to

26 ORDER - 11

cease advancing benefits if there is a reasonable basis to believe the participant will not honor the terms of reimbursement.   Correspondence of Plaintiff's counsel unequivocally provided the Trust with a reasonable basis to believe reimbursement would not be forthcoming.

ERISA  does not mandate any minimum substantive content for welfare benefit plans.  Employers have large leeway to design disability and other welfare plans as they see fit.  *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 833 (2003).  ERISA neither requires a welfare plan to contain a subrogation clause nor does it bar such clauses or otherwise regulate their content.  *Ryan by Capria–Ryan v. Federal Express Corp.*, 78 F.3d 123, 127 (3rd Cir.1996).  As stated by the Fourth Circuit in *Kress v. Food Employers Labor Relations Assoc.*, 391 F.3d 563, 568 (4th Cir. 2004), "[s]ince third-party accident and sickness benefits are not even covered by the Fund, nor required by ERISA, it makes little sense to argue that ERISA precludes imposing conditions on the receipt of benefits that are in effect an interest-free loan."  Subrogation clauses requiring reimbursement are, in fact, quite common. See, Amber M. Anstine, Comment, ERISA Qualified Subrogation Liens: Should They Be Reduced to Reflect a Pro Rata Share of Attorney Fees?, 104 Dick. L.Rev. 359, 360 (2000).  The Fourth Circuit notes that ERISA allows plans broad discretion to draft such clauses.

> Plans could forego any reimbursement unless and until the participant is "made whole."
> They could provide for attorney fees to be paid in full before the plan is reimbursed at all.
> They could share the expense of legal fees in a pro-rata fashion, proportionally reducing
> their reimbursement to reflect the attorney fee. They could adopt a "reasonable fee" policy,
> meaning that they will subtract from the amount of the required reimbursement whatever
> they would have spent in legal fees to recover the advance they had paid. Or, as here, they
> may require that attorney fees be paid only after the Fund is reimbursed in full.

*Kress*, at 569. See also, *Harris v. Harvard Pilgram Health Care, Inc*., 208 F.3d 274, 277 (1st Cir. 2000).

Here, the Trust unambiguously provides for reimbursement regardless of whether the participant is made whole.  Plaintiff insists that this  reimbursement provision is in contravention of public policy favoring full compensation of innocent automobile accident victims.  It is a federal common law equitable principle of insurance law that, absent an agreement to the contrary, an insurance company may not enforce a right to subrogation until the insured has been fully compensated for her injuries, that is, has been

ORDER - 12

1   made whole. *Barnes v. Independent Automobile Dealers Assoc. of California Health and Welfare Benefit*

2   *Plan*, 64 F.3d 1389, 1392 (9th Cir. 1995).  See also, *Fields v. Farmers Ins. Co.*, 18 F.3d 831, 835 (10th

3   Cir.1994).  The "make whole" principle is a rule of interpretation.  "No one doubts that the beneficiary

4   of an insurance policy or (as here) an employee welfare or benefits plan can if he wants sign away his

5   make-whole right. The right exists only when the parties are silent. It is a gap filler." *Barnes*, at 1394.

6   Thus, the courts will not apply the "make whole" rule if the ERISA plan specifically allows the right of

7   first reimbursement out of any recovery from a third party even if the participant is not made whole.

8   *Barnes*, at 11395; *Bill Gray Enterprises, Inc. Employee Health and Welfare Plan v. Gourley*, 248 F.3d

9   206, 219-220 (3rd Cir. 2001); *Cagle v. Bruner*, 112 F.3d 1510, 1520-1522 (11th Cir. 1997); *Cutting v.*

10  *Jerome Foods, Inc.*, 993 F.3d 1293, 1297 (7th Cir. 1993).  This is such a Trust and the "make whole" rule

11  is inapplicable.

12          The Trust is clear and direct in its provisions. The Trust has no obligation to provide advance

13  expenses to someone injured by a third party if there is a potential right of recovery, yet it does so to tide

14  participants over difficult times.  The payment of advanced benefits is conditioned upon reimbursement

15  from any judgment, settlement, disputed claim settlement, or other recovery, up to the full amount of all

16  benefits provided by the plan, but not to exceed the amount of recovery.  The language is clear that the

17  Trust is entitled to reimbursement regardless of whether the participant is made whole by the recovery.

18  The Trust is also authorized to require the participant to execute an agreement acknowledging the

19  reimbursement right.  Finally, the Trust is authorized to cease advancement of benefits if there is a

20  reasonable basis to believe that the parties involved will not honor the terms of the reimbursement

21  provisions.  Nothing required Jamie McIntyre to accept the reimbursement option; she was free to reject

22  the advancement of benefits.  But where she did accept the advanced benefits offer, and then recovered

23  against the third party, it was not wrongful for the Trust to seek to recoup the advanced benefits and to

24  cease making further advancements.  Although this Court is conscious of Ms McIntyre's financial,

25  emotional and physical losses, this Court cannot rewrite the terms of the Trust.  The Trust cannot be

26  ORDER - 13

1  forced to rescind its contractual rights to reimbursement or to provide benefits outside the terms of the

2  ERISA plan.  The Trust is entitled to dismissal of this action.

3

4                                              **CONCLUSION**

5          For the reasons set forth above Plaintiff Jamie McIntyre's Motion for Remand will be denied, and

6  Defendants Carpenters Health and Security Trust of Western Washington and Barbara Pressman's Motion

7  to Dismiss will be granted.

8          ACCORDINGLY,

9          IT IS ORDERED:

10         1. Plaintiff Jamie McIntyre's Motion for Remand [Dkt. # 11] is DENIED.

11         2. Defendants Carpenters Health and Security Trust of Western Washington and Barbara

12  Pressman's Motion to Dismiss [Dkt. # 6] is GRANTED, and this cause of action DISMISSED with

13  prejudice.

14         Dated: this 13th Day of January 2006.

15

16         _____

17         FRANKLIN D. BURGESS
           UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26  ORDER - 14